UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLA K. PRATT,<br><br>                Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br><br>                Defendant. | CASE NO. C13-5522 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendant Walmart Stores, Inc.'s ("Walmart") motion to dismiss (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL & FACTUAL BACKGROUND**

On March 22, 2013, Plaintiff Carla K. Pratt filed a complaint in Pierce County Superior Court. Dkt. 1-1. She alleged violation(s) of the Washington Law Against Discrimination ("WLAD") on the basis of gender and age. *Id*. at 2-3. The "Facts" section contains the following allegations:

ORDER - 1

1       4.1   Plaintiff, Carla Pratt, was hired as a Photo Technician with the Wal-Mart Stores, Inc. on June 24, 1997.

2       4.2   Plaintiff, Carla Pratt was promoted to Department Manager during her employment with Wal-Mart.

3       4.3   Plaintiff's tenure with Wal-Mart was distinguished. Throughout her employment with Wal-Mart, Plaintiff's employment evaluations

4 consistently characterized aspects of her employment as superior.

      4.4   Plaintiff was treated adversely because of her gender and age.

5

6 Dkt 1-1 at 2. Under "Causes of Action," Pratt also alleges she was wrongfully

7 terminated. *Id*. at 3. On June 27, 2013, Walmart filed a notice of removal on the basis of

8 diversity. Dkt. 1. On July 29, 2013, Walmart filed the instant motion to dismiss for

9 failure to state a claim. Dkt. 11. On August 19, 2013, Pratt filed a response in opposition

10 to Walmart's motion combined with a request to amend her complaint. Dkt. 13. On

11 August 23, 2013, Walmart filed a reply combined with a response to Pratt's request to

12 amend her complaint, indicating it did not oppose the amendment. Dkt. 14.

13 **II. DISCUSSION**

14 **A.   Motion to Dismiss Standard**

15       Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

16 Procedure may be based on either the lack of a cognizable legal theory or the absence of

17 sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*,

18 901 F.2d 696, 699 (9th Cir. 1990). A court accepts the factual allegations in the

19 complaint as true for purposes of deciding the motion to dismiss. *Id*. To survive a

20 motion to dismiss, the complaint does not require detailed factual allegations but must

21 provide the grounds for entitlement to relief and not merely a "formulaic recitation" of

22 the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (internal citations omitted). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.  Application of Standard**

Pratt's factual allegations as set forth above are threadbare and do not meet the heightened pleading requirements of *Twombly*. At this point, the complaint does not provide a sufficient factual basis from which the Court can find that Pratt has stated a discrimination claim on the bases of gender or age which even plausibly entitled her to relief.

**1.  Age**

The WLAD protects employees age 40 and over from discrimination on the basis of age. RCW 49.44.090(1); RCW 49.690.180. To make a prima facie case of age discrimination, an employee must show that she: (1) was at least forty years old; (2) was discharged; (3) was doing satisfactory work; and (4) was either replaced by a substantially younger person or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

As Walmart correctly observes, Pratt fails to state her age, allege that she was replaced by a substantially younger person or discharged under circumstances giving rise to an inference of age discrimination. Dkt. 5 at 7. Walmart is correct that "her mere conclusory allegations statement that she was discriminated against … is insufficient to meet her pleading burden. *Id.*

**2. Gender**

To establish a prima facie case of gender discrimination under the WLAD, an employee must allege as follows: (1) membership in a protected class; (2) the employee is qualified for the job or performing substantially equal work; (3) an adverse employment decision, including termination or denial of promotion; and (4) selection by the employer of a replacement or promoted person from outside the protected class. *Kuest v. Regent Assisted Living, Inc.*, 111 Wn. App. 36, 44 (2002).

Again, as Walmart properly observes, Pratt "fails to allege a causal link between her gender and her termination." Dkt. 5 at 7. Her factual assertions do not include allegations that "she was replaced by a male or that male employees were otherwise treated differently than she was." *Id.* Thus, her complaint lacks facts to support her conclusion that she was treated adversely based on her gender.

**3. Conclusion**

While the Court concludes that dismissal is warranted based on Pratt's current complaint, both parties are in agreement that Pratt may amend her complaint. The Court finds that Pratt may amend her complaint, as it cannot conclude that amendment would be futile.

## III. ORDER

Therefore, it is hereby **ORDERED** that Walmart's motion to dismiss is **DENIED** (Dkt. 11), and Pratt may file an amended complaint by September 13, 2013. If Pratt fails to file an amended complaint by the date set forth above, this action will be dismissed without prejudice and without further notice to the parties.

Dated this 3rd day of September, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge